IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUDER MAURICIO CALDERON RAMIREZ, )
                                                                            )
                Plaintiff,              )
                                                                       )
        v.                          )     Case No. 16 C 8089
                                                                       )
**LEON RODRIGUEZ**, Director,        )
U.S. Citizenship & Immigration Services, et al.,  )
                                                                     )
                Defendants.         )

## MEMORANDUM ORDER

This Court has just received the courtesy copy of what purports to be the defendants' Answer to the Complaint filed by Ruder Mauricio Calderon Ramirez ("Ramirez") in a Petition for Writ of Mandamus seeking the adjudication of his petition for U nonimmigrant status. This memorandum order is regretfully issued sua sponte because of the pervasive errors in that responsive pleading, filed as it is by government counsel who certainly ought to know better.

To begin with, defense counsel have completely ignored the mandate of this District Court's LR 10.1, which requires each numbered paragraph of a response to a complaint to be preceded by what is called a "concise summary" of the complaint's allegation to which it is directed.[1] That flaw is of course easily cured, but the same cannot be said of defense counsel's

---

[1] That requirement is typically dealt with by setting out a verbatim copy of the complaint's allegation, which is much easier than the pleader's having to spend time and effort to generate a "concise summary." That serves the obvious goal of enabling the reader (whether the judge assigned to the case or anyone else) to see just what matters are or are not in issue between the parties by looking at a single document, rather than having to flip back and forth between a complaint and a separate answer.

constant refrain that paragraphs of the Petition constitute conclusions of law or statements of law "to which no response is required." That of course is dead wrong -- see App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). All such assertions must be omitted from the Amended Answer called for later in this memorandum order.

Next, defense counsel have consistently misused the disclaimer provision of Fed. R. Civ. P. ("Rule") 8(b)(5) in more than one way (see Answer ¶¶ 22, 23, 24 and 26). For one thing, each such invocation totally omits any reference to defendants' belief, a part of the Rule 8(b)(5) formulation that makes it more demanding as the predicate for a good faith disclaimer. In addition, the Answer's disclaimers go on to state "and therefore deny." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Finally, several of the affirmative defenses ("ADs") that follow the Answer itself are problematic. Here they are:

1. Both AD 1 and AD 2 essentially equate to a Rule 12(b)(6) motion, which ought to be advanced by a properly supported submission rather than the purely conclusory assertions advanced in the ADs.

2. AD 3 asserts that this Court "lacks subject matter jurisdiction over this case." That contention obviously needs fleshing out to counter the allegations of the Petition that cite chapter-and-verse grounds of purported jurisdictional import. Nothing said here should be mistaken as a substantive ruling in that respect -- it is rather that any jurisdictional

challenge must be made with appropriate support, instead of being presented as an ipse dixit.

3. As for AD 4, which reads "Plaintiff is not entitled to attorney's fees," counsel do not seem to have read the Petition and its Request for Relief, which say nothing at all about an attorney's fee award.

In sum, the responsive pleading is stricken in its entirety. Defendants are ordered to file a self-contained Amended Answer on or before November 28, 2016.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 7, 2016